STEPHANIE DORIA WILEY (SBN 196825)
sdoria@rhdtlaw.com
REBECCA STEPHENS (SBN 299234)
rstephens@rhdtlaw.com
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone:   (415) 421-1800
Facsimile:    (415) 421-1700

Attorneys for PLAINTIFF A.M.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M., a minor by and through his guardian ad litem CHRISTOPHER MROZINSKI,<br>            Plaintiff,<br><br>      v.<br><br>SAN JUAN UNIFIED SCHOOL DISTRICT, 1ST STEP APPLIED BEHAVIOR ANALYSTS, INC., NICHOLAS TICHE, and TRACY MCDONALD,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>JURY DEMAND |

Plaintiff A.M., by and through his guardian ad litem Christopher Mrozinski ("Plaintiff"), alleges as follows:

**PARTIES**

1. Plaintiff A.M. is a minor and a resident of Sacramento County, California.

2. At all times relevant to the complaint, Defendant Nicholas Tiche was an employee of Defendant 1st Step Applied Behavior Analysts, Inc. ("1st Step") and was an aide assigned to work with Plaintiff. All actions alleged herein by Defendant Tiche were taken in the course and scope of his employment with Defendant 1st Step.

3. At all times relevant to the complaint, Defendant Tracy McDonald was a special education teacher at Ralph Richardson Center in the San Juan Unified School District ("SJUSD"). All actions alleged herein by McDonald were taken in the course and scope of her employment with SJUSD.

4. Defendant 1st Step Applied Behavior Analysts, Inc. is a provider of applied behavior analysis therapy and related services, and is incorporated and doing business in the state of California.

5. Defendant SJUSD is a public entity duly incorporated and operating under California law as a school district.

6. At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over Plaintiff's federal claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

8. This Court has supplemental jurisdiction over Plaintiff's state law claims for relief pursuant to 28 U.S.C. § 1367(a), as all of Plaintiff's claims are related and arise out of a common nucleus of facts.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Sacramento County.

**INTRADISTRICT ASSIGNMENT**

10. This case arose in Sacramento County, California. Pursuant to Rule 120 of the Local Rules of the Eastern District of California, it should be assigned to the Sacramento Division of the Eastern District Court.

**FACTUAL ALLEGATIONS**

**General Allegations and Background**

11. Plaintiff was born in 2001. Plaintiff suffers from disabilities which qualify him for special education services through SJUSD. Plaintiff has been diagnosed with autism and is mostly

non-verbal. He also suffers from physical disabilities, including those caused by a birth defect and which require Plaintiff to wear a diaper at all times.

12. During the 2014-2015 and 2015-2016 school years, Defendant SJUSD assigned Plaintiff to a special day class at Ralph Richardson Center with Defendant McDonald as his teacher.

13. In or around the fall of 2014, Plaintiff's father arrived at Ralph Richardson Center to pick up his son from Defendant McDonald's classroom. Plaintiff's father noticed that Plaintiff was very upset, seemed to be in physical pain, and was walking with a limp. Plaintiff was walking normally and was not in pain when Plaintiff was dropped off at school that day. Plaintiff's parents took him to the emergency room and learned that Plaintiff had fractured his foot while in Defendant McDonald's classroom. Neither Defendant McDonald nor any other staff member at the Ralph Richardson Center could explain how Plaintiff was injured.

14. Shortly after Plaintiff fractured his foot, Plaintiff's father met with Beth VonStriver, the principal of Ralph Richardson Center, and Dayle Cantrall, SJUSD's current Special Education Program Manager, to discuss his concerns about the school's supervision of Plaintiff. Ms. VonStriver agreed that SJUSD would provide Plaintiff with a full time, one-to-one aide going forward. On information and belief, SJUSD assigned Defendant Tiche to be Plaintiff's one-to-one aide pursuant to a contract between SJUSD and Defendant 1st Step. Defendant Tiche also provided in-home behavioral services to Plaintiff in the afternoons.

15. During the 2014-2015 school year, Plaintiff's parents became concerned that the staff at Ralph Richardson Center was not properly assisting Plaintiff with his toileting needs. Specifically, Plaintiff began to have frequent and recurring urinary tract infections and constipation. Ralph Richardson staff insisted that a nurse provide Plaintiff with assistance toileting and changing Plaintiff's diaper, and often the nurse was unavailable and Plaintiff would frequently have to wait to use the bathroom. Plaintiff's parents often arrived to pick him up from school and found him with a dirty diaper or with fecal matter on his legs and clothing.

**Defendants' Improper and Abusive Use of Seclusion/Restraints**

16. On or about October 14, 2015, Plaintiff's mother learned from Defendant Tiche that Defendants Tiche and McDonald had subjected Plaintiff to improper seclusion on a routine basis for excessive periods of time. Specifically, Defendants Tiche and McDonald regularly and forcibly confined Plaintiff to a small storage closet in his school classroom, and held him in the closet for up to an hour at a time. When Plaintiff's mother questioned Defendant Tiche about this practice, Defendant Tiche acknowledged that Plaintiff had been forced in the closet for extended periods on numerous occasions over several months, and that Tiche had physically used force in holding the door closed in order to keep Plaintiff in the closet. Defendant Tiche acknowledged to Plaintiff's mother that Tiche continued to hold Plaintiff in the closet despite Plaintiff's screams, cries and protests, and Plaintiff's attempts to physically get out of the closet by kicking and hitting the closet door. Plaintiff's mother understood from Defendant Tiche that Defendants Tiche and McDonald forcibly secluded Plaintiff in the storage closet because Plaintiff was becoming overheated and attempting to take his shirt off in class. On information and belief, other SJUSD staff members were often present in Defendant McDonald's classroom during the instances when Plaintiff was confined in the closet, but did nothing to intervene or report the abuse.

17. On or about October 15, 2015, Plaintiff's parents met with Defendant Tiche and Kathryn VanDenBerg, Clinical Director and CEO of Defendant 1st Step. Defendant Tiche again admitted to confining Plaintiff to the storage closet on several occasions against Plaintiff's will. VanDenBerg and other 1st Step behavioral therapists in attendance at the meeting acknowledged to Plaintiff's parents that the confinement of Plaintiff to the closet was improper, and VanDenBerg stated that Defendant Tiche would be removed from Plaintiff's case and would no longer be Plaintiff's aide. On information and belief, Defendant Tiche continued to work with disabled children as an employee of 1st Step.

18. In recent years, there has been increased recognition of the grave risks and serious trauma associated with the use of seclusion. Numerous studies and research have shown that in addition to the risk of physical injuries, seclusion can result in lasting psychological effects and serious emotional damage, particularly to children with disabilities such as autism.

19. California Education Code section 56521.1 sets forth requirements for the use of emergency behavioral interventions, and provides that such interventions may only be used to control spontaneous behavior which poses a clear and present danger of physical harm to the student or others. Section 56521.1 further provides that such interventions may not be used as a substitute for the systematic behavioral intervention plan that is designed to change, replace, modify, or eliminate a targeted behavior. Section 56521.1 expressly prohibits the use of locked seclusion as an emergency intervention, and creates a duty to notify parents within one school day if any emergency intervention occurs.

20. On information and belief, on the occasions when Defendants forcibly confined Plaintiff to the storage closet, Plaintiff had not engaged in any behaviors that rose to the level of an emergency or which posed a threat of harm to Plaintiff or others that would necessitate any emergency interventions by Defendants, let alone the routine use of improper and unlawful seclusion.

21. At no time did Plaintiff's parents provide any verbal, written or implied consent to Defendants regarding any confinement or use of seclusion of Plaintiff. Prior to Plaintiff's mother's conversation with Defendant Tiche on or around October 14, 2015, Plaintiff's parents were never informed about Defendants' confinement of Plaintiff to the storage closet, and Plaintiff's parents never understood or agreed to this practice.

22. After learning about Defendants' abuse of Plaintiff, Plaintiff's father spoke to Defendant McDonald, who also confirmed that she and Defendant Tiche had on a number of occasions forced Plaintiff into the storage closet.

23. Prior to and since learning about the abusive use of seclusion in Defendant McDonald's classroom, Plaintiff's parents have observed significant changes in Plaintiff's behavior. Though Plaintiff had previously enjoyed school, he began to express resistance to attending school. Plaintiff's communication skills also regressed, and he began exhibiting sadness, lethargy, and anxiety. While at home, Plaintiff began climbing on the furniture, pressing himself against doors and walls, and kicking doors and walls. Plaintiff also began trying to escape from the house at all hours of the day and night, such that his parents had to install a key-operated deadbolt

and alarm system to ensure his safety. Plaintiff's parents were ultimately forced to keep Plaintiff out of school and Plaintiff has been unable to return.

24. As a result of the abusive seclusion practices of Defendants, Plaintiff has suffered significant harm, including trauma and severe emotional distress. In or around November 2015, Plaintiff suffered a grand mal seizure for the first time in his life. The full extent of Defendants' abusive practices toward Plaintiff and the harm those practices caused Plaintiff is currently unknown.

**FIRST CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. § 1983; Plaintiff vs. Defendants Tiche and McDonald)**

25. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs as though fully set forth herein.

26. Section 1983 provides that "[e]very person who, under color of [state law] … subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution … shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

27. The question of whether an individual is acting under color of state law is individualized and dependent on the factual circumstances. *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999). An individual is said to be acting under color of state law where (1) the deprivation of the plaintiff's constitutional right was caused by the exercise of a right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is responsible; and (2) the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

28. It is a "well-accepted principle that a private party's joint participation in a conspiracy with the state provides a sufficient nexus to hold the private party responsible as a governmental actor." *Sutton*, 192 F.3d at 840 (citations omitted). "Private persons, jointly engaged with state officials in the challenged action, are acting … 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).

29. Here, Defendants Tiche and McDonald acted jointly under color of law and violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution, including but not limited to his right to be free from unreasonable seizures and to maintain his bodily integrity against unreasonable assaults. Defendants Tiche and McDonald conspired to unlawfully, unnecessarily, and unreasonably restrain Plaintiff in a storage closet for extended periods of time. Defendant Tiche restrained Plaintiff's liberty to the degree that a reasonable person would not feel free to leave, which constitutes a seizure within the meaning of the Fourth Amendment's prohibition against unreasonable seizures. Defendant McDonald was aware that Defendant Tiche was restraining Plaintiff in the closet and encouraged him to do so. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

30. Plaintiff seeks relief as set forth below in his prayer for relief.

**SECOND CLAIM FOR RELIEF**
**(Discrimination in Violation of the Americans with Disabilities Act; Plaintiff vs. SJUSD)**

31. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs as though fully set forth herein.

32. At all times relevant herein, Plaintiff was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by and "public entity," including any state or local government, as defined by 42 USC section 12131, Section 201 of the ADA.

33. Pursuant to Section 202 of Title II, "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132.

34. Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

35. Defendant SJUSD failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described herein,

including failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

36. Defendant McDonald subjected Plaintiff to psychological abuse because of Plaintiff's disability, which created a hostile educational environment based on Plaintiff's disability.

37. Defendant SJUSD further failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described herein by subjecting Plaintiff to a hostile educational environment.

38. As a result of Defendant SJUSD's failure to comply with its duty under Title II, Plaintiff has suffered damages including general and special damages according to proof.

39. Plaintiff seeks relief as set forth below in his prayer for relief.

**THIRD CLAIM FOR RELIEF**
**(Violation of Section 504 of the Rehabilitation Act of 1973; Plaintiff vs. SJUSD)**

40. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs as though fully set forth herein.

41. On information and belief, Plaintiff alleges that Defendant SJUSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction, and/or maintenance of the specific public facilities described herein and the activities that take place therein.

42. By its actions or inaction in denying equal access to educational services and by subjecting Plaintiff to a hostile educational environment, Defendant SJUSD violated Plaintiff's rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

43. As a result of Defendant SJUSD's failure to comply with its duty under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, Plaintiff suffered damages including general and special damages according to proof.

44. Plaintiff seeks relief as set forth below in their prayer for relief.

**FOURTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress; Plaintiff vs. Defendants Tiche and 1st Step)**

45. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs as though fully set forth herein.

46. The conduct of Defendant Tiche toward Plaintiff as alleged herein is extreme and outrageous and is beyond the bounds of that tolerated in a decent society.

47. Defendant Tiche engaged in the conduct alleged herein with the intent to cause Plaintiff extreme emotional distress, or at a minimum, with a reckless disregard as to whether it would cause extreme emotional distress.

48. Defendant Tiche was acting within in the course and scope of his employment with Defendant 1st Step while committing the actions alleged herein.

49. Plaintiff has suffered extreme emotional distress as a result of Defendant's Tiche's conduct.

50. The actions alleged herein were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights.

51. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial.

52. Plaintiff seeks relief as set forth below in his prayer for relief.

**FIFTH CLAIM FOR RELIEF**
**(Violation of Unruh Civil Rights Act; Plaintiff vs. Defendants Tiche and 1st Step)**

53. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs as though fully set forth herein.

54. The Unruh Civil Rights Act provides that "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51.

55. The Unruh Civil Rights Act further provides that, "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense."  Cal. Civ. Code § 52.

56. The actions alleged herein were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights.

57. Defendants Tiche and 1st Step denied Plaintiff full and equal advantages, privileges, and services because of his disability, which caused Plaintiff severe psychological harm.

58. Plaintiff seeks relief as set forth below in their prayer for relief.

**SIXTH CLAIM FOR RELIEF**
**(False Imprisonment; Plaintiff vs. Defendants Tiche and 1st Step)**

59. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs as though fully set forth herein.

60. Defendant Tiche intentionally and unlawfully deprived Plaintiff of his freedom of movement by forcibly confining Plaintiff to a storage closet on multiple occasions for extended periods of time, without Plaintiff's consent.

61. Defendant Tiche was acting within in the course and scope of his employment with Defendant 1st Step while committing the actions alleged herein.

62. As a direct and proximate result of the acts alleged herein, Plaintiff suffered psychological and emotional damages, including but not limited to stress, confusion, anxiety, depression and behavioral, educational and emotional regression.

63. The actions alleged herein were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights.

64. Plaintiff seeks relief as set forth below in his prayer for relief.

**SEVENTH CLAIM FOR RELIEF**
**(Negligent Hiring/Supervision/Retention; Plaintiff vs. Defendant 1st Step)**

65. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs, as though fully set forth herein.

66. Defendant 1st Step's owners, agents and employees owe students and children under its supervision a protective duty of ordinary care.  Defendant 1st Step is vicariously liable for breach of the duty of ordinary care by its agents and employees in the course and scope of their employment.

67. As alleged herein, Defendant Tiche was unfit and incompetent to perform the work 1st Step hired him to perform. On information and belief, 1st Step failed to provide Defendant Tiche with appropriate training regarding prohibitions concerning the use of improper and abusive seclusion, and the significant harm that such practices can inflict on children, and failed to properly supervise Defendant Tiche.

68. Defendant 1st Step knew or should have known that Defendant Tiche was unfit and incompetent and that his unfitness created a risk to the children with whom he worked.

69. Defendant Tiche's unfitness harmed Plaintiff, and Defendant 1st Step's negligence in hiring, supervising, and retaining Defendant Tiche was a substantial factor in causing Plaintiff's harm.

70. As a proximate result of Defendant 1st Step's negligent hiring, supervision and retention of Defendant Tiche, Plaintiff has incurred damages as alleged herein.

71. Plaintiff seeks relief as set forth below in his prayer for relief.

**EIGHTH CLAIM FOR RELIEF**
**(Negligence; Plaintiff vs. Defendants Tiche and 1st Step)**

72. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs, as though fully set forth herein.

73. Defendants Tiche and 1st Step had a duty to exercise reasonable care to prevent harm in their interactions with Plaintiff. Additionally, Defendants Tiche and 1st Step owed a greater degree of care to Plaintiff, as a child, than to adults. Defendants Tiche and 1st Step failed to exercise reasonable care in their interactions with Plaintiff as alleged herein.

74. As a proximate cause of Defendants' negligent acts, Plaintiff has incurred damages as alleged herein.

75. Plaintiff seeks relief as set forth below in his prayer for relief.

**NINTH CLAIM FOR RELIEF**
**(Violation of California Civil Code § 52.1; Plaintiff v. Defendants Tiche and 1st Step)**

76. Plaintiff incorporates in this cause of action every allegation contained in the previous paragraphs, as though fully set forth herein.

77. The actions of Defendant Tiche as alleged herein, including Defendant Tiche's coercive acts toward Plaintiff, intentionally interfered with Plaintiff's civil rights under the Constitution and laws of the state of California by threats, intimidation, and/or coercion in violation of Cal. Civ. Code § 52.1. Defendant 1st Step is vicariously liable for the actions of Defendant Tiche as alleged herein, which were taken in the course and scope of his employment with 1st Step.

78. The actions alleged herein were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights.

79. As a proximate result of Defendants' violation of Section 52.1, Plaintiff was harmed. Defendants' conduct was a substantial factor in causing Plaintiff's harm, and Plaintiff has suffered damages as alleged herein.

80. Plaintiff seeks relief as set forth below in his prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

a. Compensatory damages to Plaintiff for pain, suffering, injury, emotional distress, and medical expenses;

b. Punitive damages against Defendants as provided by law;

c. Attorneys' fees and costs as provided by law;

d. For prejudgment interest and post judgment interest as allowed by law; and

e. For such other and further relief, in law or equity, as the Court may deem appropriate and just.

DATED: October 5, 2016                           RUKIN HYLAND DORIA & TINDALL LLP


By: /s/ Stephanie Doria Wiley
STEPHANIE DORIA WILEY
REBECCA STEPHENS
Attorneys for Plaintiff A.M.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED: October 5, 2016                                RUKIN HYLAND DORIA & TINDALL LLP


By: /s/ Stephanie Doria Wiley
STEPHANIE DORIA WILEY
REBECCA STEPHENS
Attorneys for Plaintiff